BLANK ROME LLP
*Attorneys for Plaintiff*
Richard V. Singleton II
Emma C. Jones
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
RSingleton@blankrome.com
EJones@blankrome.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONJASA PTY S.A.,<br><br>                              Plaintiff,<br><br>            -against-<br><br>FREEPOINT COMMODITIES LLC<br><br>                              Defendant | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Monjasa Pty S.A., through its attorneys Blank Rome LLP, for its Complaint against Defendant Freepoint Commodities LLC, alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises from breach of a maritime contract. Accordingly, it is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. § 1333. It also falls within this Court's diversity jurisdiction under 28 U.S.C § 1332 as the dispute is between a citizen of a foreign state and a citizen of one of the United States and the amount in controversy exceeds $75,000.

2.      Venue is proper in this court because the applicable contracts provide for the "exclusive jurisdiction of the State or Federal Courts located in Manhattan New York."

148750.06509/126591494v.2

**PARTIES**

3.      Monjasa Pty S.A. ("Monjasa") is in the business of supplying marine fuel to ships. At all material times, Monjasa was and still is a corporation organized and existing under the laws of Panama, having its principal place of business at Costa del Este Financial Park, Tower 100, Office 25A, Panama City, 842497 Panama.

4.      On information and belief, Defendant Freepoint Commodities LLC ("Freepoint") is a limited liability corporation organized and existing under the laws of the State of Delaware, with its Headquarters at 58 Commerce Road, Stamford, CT, 06902. Pursuant to contractual authorization, Freepoint may be served by serving its last designated address.

**FACTS**

5.      On or about December 6, 2019, Monjasa entered into a purchase contract with Freepoint bearing contract number 7394608, for the purchase of certain quantities of IFO 380 0.50% Sulphur ISO 8217:2010, for delivery in December 2019 at Melones Island, Panama. See Exhibit A.

6.      On or about December 12, 2019, Monjasa entered into a purchase contract with Freepoint bearing contract number 7420133 (together with contract number 7394608, "the Contracts") for the purchase of certain quantities of IFO 380 0.50% Sulphur ISO 8217:2010, for delivery in December 2019. See Exhibit B.

7.      The Contracts are identical in all material terms save for the quantity to be delivered and the pricing date.

8.      The Contracts incorporate by reference the *BP Global Americas General Terms and Conditions for Purchases and Sales of Crude Oil, Refined Petroleum and Related Products,*

2

*2015 Edition, with Freepoint Amendments dated July 3, 2019* ("Freepoint Terms"), annexed hereto as Exhibit C. (Exs. A, B ¶ 15).

9.      The Contracts contained specifications and requirements for the fuel sold under the contracts by reference to the specifications in ISO 8217:2010, which is an international standard that sets forth acceptable standards for a number of fuel characteristics, including Sulphur Content and Total Sediment Potential ("TSP").

10.     The Contracts provided that the fuel quality would be "[m]eeting IFO 380 0.50 SUL ISO 8217:2010 specifications" (Exs. A, B ¶ 7).

11.     The Freepoint Terms provided that Part I, Sec. 27 of the *BP Global Americas General Terms and Conditions for Purchases and Sales of Crude Oil, Refined Petroleum and Related Products, 2015 Edition* was deleted in its entirety and replaced by the following clause:

> "27. Each Party irrevocably submits to the exclusive jurisdiction of the courts of the State of New York and the federal courts in each case situated in the borough of Manhattan, New York City and to service of process by certified mail, delivered to the Party at its last designated address. Each Party irrevocably waives, to the fullest extent permitted by applicable law, any objection to the jurisdiction of any such court or to venue therein or any claim of inconvenient forum of such court or of sovereign immunity. FURTHER, EACH PARTY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY PROCEEDINGS RELATING TO ANY TRANSACTION."

(Ex. C, p. 1).

12.     Pursuant to the Contracts, Freepoint supplied fuel to Monjasa Barge ANCON TRADER on November 22, 2019, November 30, 2019, December 2, 2019, December 7, 2019, December 14, 2019, December 18, 2019, December 21, 2019 and January 2, 2020; and to Monjasa Barge ACCRA on December 4, 2019, December 7, 2019, December 14, 2019, December 20, 2019, December 30, 2019 and January 4, 2020.

148750.06509/126591494v.2

13.     Monjasa in turn entered into sales contracts with various customers to deliver the Freepoint-supplied fuel to the following vessels:

> M/V DIVINIGATE
> M/V MORNING CORNET
> M/V PAC ANALTH
> M/V GREENFAST
> M/V SEATREASURE
> M/V NS STREAM

14.     At some point thereafter, Monjasa began receiving notices from its customers regarding off-specification claims for Sulphur Content and TSP in the fuel.

15.     On or about November 22, 2019, December 16, 2019, December 30, 2019 and January 13, 2020, Monjasa notified Freepoint of the claims by its customers and presented Freepoint with its claims that the fuel provided to the ANCON TRADER was off specification, together with available documentation supporting the claims in compliance with the Contracts.

16.     On or about December 16, 2019, December 30, 2019 and January 13, 2020, Monjasa notified Freepoint of the claims by its customers and presented Freepoint with its claims that the fuel provided to the ACCRA was off specification, together with available documentation supporting the claims in compliance with the Contracts.

17.     Monjasa proposed that tests be performed on samples of the fuel sold under the Contracts and the samples were submitted to Caleb Brett Intertek for analysis.

18.     Freepoint was advised of the proposed testing and agreed, without any objection or reservation of any rights, to Monjasa's proposed joint testing by Caleb Brett Intertek.

19.     The Caleb Brett Intertek testing of the samples revealed all were off-specification for either Sulphur Content or TSP.

4

20.     Monjasa incurred losses for the off-specification fuel by way of damages to the owners/operators of the M/Vs DIVINIGATE, MORNING CORNET, and PAC ANALTH for amounts totaling $24,010.

21.     Monjasa also utilized Marine Gas Oil ("MGO") to blend the off-spec fuel supplied by Freepoint to bring it up to specification. The cost to Monjasa of the MGO and blending operations was $443,475.25.

22.     Various other claims remain outstanding, and Monjasa seeks indemnity from Freepoint to settle those additional claims.

23.     Monjasa's claims remain outstanding, notwithstanding demands to Freepoint for payment.

## CAUSE OF ACTION – BREACH OF CONTRACT

24.     Monjasa repeats and realleges the allegations contained in paragraphs 1-23.

25.     Monjasa and Freepoint entered into the aforementioned Contracts whereby Freepoint agreed to sell and Monjasa agreed to purchase quantities of IFO 380 that had a Sulphur limit of 0.50% and complied with the specifications contained in ISO 8217:2010.

26.     Freepoint breached the Contracts by failing to provide fuel that complied with the Contracts' specifications with respect to Sulphur Content and/or TSP.

27.     As a result of Freepoint's breach of contract, Monjasa suffered losses and other damages in the amount of at least $467,485.25, for which Monjasa is entitled to compensation and/or indemnity.

28.     Freepoint is liable for all such damages incurred and to be incurred by Monjasa as a result of its provision of off-specification fuel.

**WHEREFORE**, Monjasa respectfully requests that this Court:

1.    Enter judgment in favor of Monjasa and against Freepoint in the amount of

      $467,485.25 or such other amount as will be proven at trial on Monjasa's claims

      herein;

2.    Award to Monjasa prejudgment interest on the foregoing amount, together with

      its costs and fees incurred in connection with this matter; and

3.    Grant such other and further relief as may be just and appropriate.


Dated: August 13, 2021

                                        Respectfully submitted,

                                        BLANK ROME LLP
                                        *Attorneys for Plaintiff*

                                        By  */s/ Richard V. Singleton*

                                        Richard V. Singleton
                                        Emma C. Jones
                                        1271 Avenue of the Americas
                                        New York, New York 10020
                                        (212) 885-5000
                                        *RSingleton@blankrome.com*
                                        *EJones@blankrome.com*

148750.06509/126591494v.2